WILLIAM FREILE et al., complainants-respondents,

*v.*

JOSEPH H. RUDIGER, defendant-appellant.   (No. 18.)

SOLOMON M. SCHATZKIN and HENRY A. OETJEN, defendants-appellants.   (No. 16.)

[Submitted December 9th, 1918.   Decided March 3d, 1919.]

The court of chancery having, at the request of all parties concerned, considered and decided various questions of order of liability of endorsers on a promissory note, set-off, &c., and its decree being brought to this court on appeal, the questions are disposed of according to the results of judgments that should be rendered and successful enforcement thereof, in a suit or suits at law, based on the facts as ascertained in the court of chancery and in this court, on the evidence in the case.

---

On appeal from a decree advised by Vice-Chancellor Griffin, whose opinion is reported in *104 Atl. Rep. 142*, and *88 N. J. Eq. 91.*

*Mr. John Millon*, for the appellant, Rudiger.

*Mr. James D. Carpenter, Jr.,* for the appellants, Schatzkin and Oetjen.

*Mr. Randolph Perkins,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The bill was for injunction against the further prosecution of a suit at law upon a promissory note, and for a discovery as to the real ownership thereof and the circumstances of the addition of the words "without recourse" to the signature of the appellant, Rudiger, whose name appears as payee and first endorser; the claim being that these words constituted an illegal alteration;. complainants, who appear thereon as subsequent endorsers, asserting that the suit at law, in which one Oetjen, also an appellant, is plaintiff, was really for the benefit of Rudiger. The note reads as follows:

"$2,500.00. JERSEY CITY, N. J., Oct. 27th, 1913.

"Three months after date we promise to pay to the order of J. H. Rudiger twenty-five hundred dollars at the Merchants National Bank of Jersey City, N. J. Value received.

"ORPHEUM AMUSEMENT CO.
"P. EDW. WISCH, *Pres.*
"ANTHONY MICHEL, *Treas.*"

Endorsed as follows:

"J. H. RUDIGER,
"Without Recourse.
"ANTHONY MICHEL.
"WILLIAM FREILE, M.D.
"P. EDW. WISCH."

It is conceded by all parties that the note was discounted by appellant Schatzkin, who gave his check to the order of Rudiger for the amount of the note less the discount, and that this check for the proceeds was turned over to the Orpheum Amusement Company, the maker, a corporation in which all the endorsers were more or less interested, and the money used to meet its obligations.

It is also conceded or amply proved that the note was not paid at maturity and that Schatzkin, the holder, demanded payment primarily of Rudiger, who, among other things, set up a counter-claim for some insurance premiums due him from Schatzkin, amounting to $2,240.90. As a result of their conversation Rudiger was empowered to obtain the note from Schatzkin's New York attorneys, who held it for collection. He went to see them and obtained the note; and before leaving the building added the words "without recourse" to his own signature, and then took the note to attorneys in Jersey City, apparently selected by himself, and, later, under date of April 28th, 1914, Schatzkin executed a written assignment of the note to appellant Oetjen, an employe in the office of the Jersey City attorneys, who, concededly, has no beneficial interest in the note or in its proceeds, but is a nominal assignee for purposes of suit. Oetjen brought suit against the three complainant endorsers, Michel, Freile and Wisch, omitting Rudiger, and they later filed the bill in the present cause. All the parties seem to have waived any question whether equity had jurisdiction to decide all the issues arising, as, for example, the real liabilities of the endorsers *inter sese,* the real ownership of the note, and so on, and requested the court of chancery to dispose of all the controverted matters, which it proceeded to do. There is serious question as to the jurisdiction of equity in the premises, but in view of the action of the parties we are content, for the purposes of this case, to follow the example set in *Palys* v. *Jewett, 32 N. J. Eq. 302,* without conceding the controlling effect of that decision.

The decree recites the following findings of fact; the execution of the note and the endorsements, in the order as they appear; that the complainants endorsed for the accommodation of Rudiger or Schatzkin; that when the note was made, Schatzkin owed Rudiger a sum equal to the amount of the note; and that the two agreed after the note was protested that if Schatzkin recovered from the complainants he would pay Rudiger the amount he owed him, otherwise he would apply it (*i. e.,* the amount he owed Rudiger) in discharge of the liability of Rudiger on the note; that Rudiger is liable primarily on the note, and that complainants are entitled to have the debt due from Schatzkin applied in discharge of the note; that Rudiger's writ-

ing of the words "without recourse" was a material alteration and discharged the complainants from liability on the note. The decretal part adjudges that complainants are not liable on the note to either Rudiger, Schatzkin or Oetjen; and directs an injunction perpetually restraining Oetjen from prosecuting the suit at law, and awarding to complainants costs and a counsel fee as against Rudiger, Schatzkin and Oetjen.

In view of the sweeping submission by the parties of all the matters in dispute between them relating to the transactions in question, as recited in the vice-chancellor's opinion and in the decree, the case stands as though in a suit at law on the note by Schatzkin as holder, or by Oetjen his agent, against the three complainants as later endorsers, they had brought in Rudiger as first endorser liable to them, ignoring the alteration; as though he had denied his primary liability and asserted that by the outside oral agreement between the endorsers he was to be last liable; as though, also, the claim of Schatzkin as holder against him were brought into the suit for adjudication, and he had set off against Schatzkin the amount due for premiums. These several controversies we proceed to consider.

1. We agree with the vice-chancellor that Rudiger failed to make out by the evidence that there was any agreement that he should be liable as endorser in any other way than that indicated by the position of his signature—*i. e.,* as first endorser, and have nothing to add to the opinion of the vice-chancellor in that regard.

2. We agree that the addition of the words "without recourse" was unauthorized and was a material alteration.

3. The vice-chancellor properly held that Rudiger had a valid claim against Schatzkin for the insurance premiums, but not to the extent of the entire note, the amount being, as already stated, $2,240.90, with interest, from the maturity of the note.

4. But Schatzkin, represented by Oetjen, is entitled to recover the amount of the note as against the complainants in the first instance; except so far as his rights are affected by the Rudiger counter-claim; for we do not agree that he was a party to the alteration by Rudiger or should be prejudiced thereby.

This results in a combination of awards which would work out thus :

1. Schatzkin (or Oetjen, which is the same thing) against complainants jointly and severally, for the amount of the note and interest.

2. Schatzkin against Rudiger, for the note and interest.

3. Rudiger against Schatzkin, for the insurance debt and interest.

4. Complainants against Rudiger, for amount recovered against them by Schatzkin.

When by consent and request of all parties a court of equity undertakes such a roundabout and multifarious adjudication, it should do so, if at all, by looking on that as done which ought to be done. We then reach this further result: Schatzkin having in contemplation of equity collected his award from complainants, and they theirs in turn from Rudiger, he is entitled to his insurance claim from Schatzkin, thus leaving $259.10 balance in the hands of the latter, which Rudiger has in effect paid. Or, to put it in another way, Schatzkin having held complainants and Rudiger liable on the note, complainants are entitled to have the note enforced primarily against Rudiger as first endorser. *Practice act 1903* § *35;* see *Durand* v. *Trusdeli, 44 N. J. Law 597*. If the suit be considered as one against all the endorsers under sections 29 *et seq.* of the Practice act of 1903 (repealed in 1912 and cognate legislation substituted), Rudiger might plead his set-off, and the judgment against him would be $259.10 as a balance. But this, of course, means that Schatzkin, by the allowance of the set-off, has collected $2,240.90 of the note, and to that extent has been paid by Rudiger; and Rudiger having thereby done only what he was bound by law to do as between him and complainants, the decree against them should in any case be restricted to the balance of $259.10, and for this Rudiger is liable over to them.

This would be the precise result if the action at law had proceeded to judgment against complainants, and they had paid, and recovered against Rudiger, as the vice-chancellor rightly held they would be entitled to do, and Rudiger had then collected the insurance claim from Schatzkin, leaving the latter with the $259.10 in hand.

We do not wish to be understood as adjudicating that this complicated tangle of claims could be thus disposed of in an

action at law under our present practice, or that it is a suitable case for disposition by a court of equity. These questions have not been considered, as all the parties came into court praying a complete determination of their claims in one action, apparently without regard to niceties of pleading, and the court undertook to make such determination. Its decree is now before us on appeal, and the better way seems to be to take the case as we find it and affirm, modify or reverse the decree below according to our view of the facts.

Our result is that Schatzkin and Oetjen are entitled to a decree against Rudiger and the complainants for $259.10, with interest from January 27th, 1914, and that complainants, if they satisfy the decree, are entitled to recover over against Rudiger for the amount properly paid; that the decree stand in lieu of any recovery to which Schatzkin is entitled in the action at law, and to this end the injunction is retained.

The decree awarded costs to complainants against Rudiger, Oetjen and Schatzkin, together with a counsel fee. No costs or counsel fee in chancery should be awarded against Schatzkin and Oetjen, as they were entitled to sue on the note. Rudiger has not raised the question of costs as against himself.

With these modifications the decree below will be affirmed.

No. 16—

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

No. 18—

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.